UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER J. GLASSEL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-387-GSL-APR |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher J. Glassel, proceeding without the benefit of counsel, filed a complaint alleging the defendants subjected him to unconstitutional conditions of confinement and denied him adequate medical treatment while he was housed at the Indiana State Prison ("ISP"). ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On February 9, 2024, Officer Raccio moved Glassel to cell 525E in D-Cellhouse because he had been written up on a disciplinary charge. ECF 1 at 2. When Glassel entered the cell, he noticed a foul smell consisting of urine and human waste, and the cell was filled with trash. *Id*. The cable outlet and a shelf were missing, and the ceiling

and walls were also falling apart. *Id*. Glassel asked Officer Raccio for cleaning supplies, gloves, and a trash bag to clean his cell. *Id*. Officer Raccio said he would get the supplies, but he never returned to Glassel's cell. *Id*.

Glassel remained in cell 525E through the month of February 2024, until he was transferred to another unit on March 2, 2024. *Id*. at 2. During this period, he asked Officer Raccio for cleaning supplies, but Officer Raccio never provided him with any supplies. *Id*. at 3. Other correctional officers also ignored his requests for supplies. *Id*. Because he could not get cleaning supplies, Glassel used his own rags and bare hands to clean his cell. *Id*. Glassel asserts he had to eat and sleep in inhumane conditions because his cell was covered in urine and human waste where he was forced to breath in waste fumes from a corroded and moldy toilet and smell trash that covered his cell. *Id*. He was also forced to live in dangerous conditions because he was injured when a large piece of drywall fell off the wall in his cell and hit him on the head while he was lying in bed reading a book on February 29, 2024. *Id*. at 4. He asserts he was covered in debris when the drywall hit him and he suffered a head injury. *Id*.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not

mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotations marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (when inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Glassel the inferences to which he is entitled at this stage of the proceedings, he has plausibly alleged an Eighth Amendment claim for monetary damages against Officer Raccio for housing him in a dangerous cell contaminated with urine, human waste, and trash from February 9, 2024, to March 2, 2024.

Glassel also asserts that Officer Raccio was deliberately indifferent to a serious medical need after he was hit in the head with drywall on February 29, 2024. ECF 1 at 4. He states that after the drywall hit him, his head began to hurt, his nose was stuffy, and it was difficult to breathe. *Id*. Glassel then requested medical assistance by yelling as loud as he could, but no one from the medical staff came to his cell. *Id*. When Officer

3

Raccio arrived at Glassel's cell, Glassel told him what happened. *Id*. Officer Raccio asked Glassel if he was bleeding, and then left. *Id*. Officer Raccio returned to Glassel's cell with an inmate worker who collected evidence and told Glassel a lieutenant needed to see what had happened and then he would make some calls. *Id*. However, Officer Raccio did not return or offer Glassel any medical assistance. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is viewed as "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478. Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable

4

measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Glassel has not plausibly alleged that Officer Rocio was deliberately indifferent to a serious medical need because Officer Raccio confirmed Glassel was not bleeding and Glassel does not allege he shared any details about his symptoms with Officer Raccio that would have caused a layperson to recognize the need for medical treatment. Therefore, Glassel may not proceed here.

Glassel next alleges that following the drywall incident, he submitted healthcare request forms because he had broken out in a rash and had large knots on his head which caused him to have headaches. ECF 1 at 5. Despite his requests, Glassel did not receive medical treatment for his head injury until April 4, 2024. *Id*. When he did receive treatment, he was prescribed generic Tylenol, but was not given a CT scan or x-ray of his head. *Id*. He may not proceed here because has not identified the individuals who denied him medical treatment.

As a final matter, Glassel has also sued Warden Ron Neal and Sherri Fritter. However, other than listing these two defendants in the caption of the case, he does not explain why he is suing them. Therefore, he may not proceed here.

For these reasons, the court:

(1) GRANTS Christopher J. Glassel leave to proceed against Officer Raccio in his individual capacity for compensatory and punitive damages for housing him in a dangerous cell contaminated with urine, human waste, and trash from February 9, 2024, to March 2, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal and Sherri Fritter;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Raccio at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Raccio to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 20, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT