UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER J. GLASSEL,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, *et al.*,<br><br>Defendants. | CAUSE NO. 3:24-CV-387 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 23] filed by Defendant Officer Raccio. The plaintiff, Christopher J. Glassel, initiated this case against Ron Neal, Officer Raccio, and Sherri Fritter [DE 1]. District Court Judge Gretchen S. Lund issued a ruling granting Glassel leave to proceed against Officer Raccio in his individual capacity for compensatory and punitive damages for housing him in a dangerous cell contaminated with urine, human waste, and trash from February 9, 2024 to March 2, 2024 in violation of the Eighth Amendment. [DE 14]. The court dismissed all other claims and also dismissed Defendant Ron Neal and Defendant Sherri Fritter. *Id.* Officer Raccio filed a Motion for Summary Judgment [DE 23], arguing Glassel did not exhaust his available administrative remedies before filing this lawsuit. Glassel did not file a response, and the time for doing so has expired. The Motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pro se litigant filings are entitled to liberal construction. *Nichols v. Michigan City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a litigant must "set forth specific facts showing that there is a genuine issue for trial." *Price v. Rochford*, 947 F.2d 828, 832 (7th Cir. 1991) (quoting Fed. R. Civ. P. 56(e)). When a party does not oppose a motion for summary judgment, the court is not obligated to comb through the record to look for disputed facts. *Petru v. City of Berwyn*, 872 F.2d 1359, 1362-63. Glassel failed to file a response to Officer Raccio's Motion, so the uncontested facts will be "treated as a binding admission of the truth of those facts." *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 333 (7th Cir. 1993) (citing *Appley v. West*, 929 F.2d 1176, 1178-80 (7th Cir. 1991)); *Robinson v. Waterman*, 1 F.4th 480, 482 (7th Cir. 2021).[1]

---

[1] The court is not treating summary judgment as a sanction. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)). Even when the nonmovant

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

---

fails to respond to a motion for summary judgment, the moving party still must show "that summary judgment [is] proper given the undisputed facts." *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011).

Officer Raccio provided evidence showing the undisputed following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required Glassel to complete three steps before filing this lawsuit: (1) a formal grievance; (2) an appeal in writing to the warden/designee; and (3) an appeal in writing to the Department Grievance Manager. [DE 25]. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." [DE 25]. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

Glassel filed his grievance on February 22, 2024. The Grievance Specialist did not respond to Glassel's grievance within the time-limits set forth in the Grievance Process. [DE 25]. On April 8, 2024, the Grievance Specialist realized that he did not respond to Glassel's grievance, and he sent Glassel a memorandum acknowledging the untimely response. [DE 1-1]. In that memorandum, the Grievance Specialist explained to Glassel that he had failed to timely respond and that Glassel should file a new grievance if the issues were ongoing. Since filing his grievance, Glassel filed no notice, appeal, new grievance, or other correspondence. [DE 25].

Here, the undisputed facts show that Glassel filed only one grievance. Although the Grievance Specialist did not respond timely, Glassel was required to notify the

Grievance Specialist that his grievance response was overdue and an additional attempt to notify by appealing. Accordingly, Glassel failed to exhaust the administrative remedies that were available to him. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement.").

Glassel failed to file a response to Officer Raccio's Motion for Summary Judgment [DE 23]. Therefore, the undisputed facts show that Glassel failed to exhaust all of the administrative remedies that were available to him, even considering that fact the Grievance Specialist failed to timely respond.

Accordingly, Defendant Officer Raccio's Motion for Summary Judgment [DE 23] is **GRANTED**.

ENTERED this 29th day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge